# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20167-07-KHV |
| BOYTINA LOCKE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c) (Doc. #737) and Motion For Appointment Of Counsel (Doc. #738), both filed September 11, 2015.  On July 24, 2012, the Honorable Beth Phillips of the United States District Court for the Western District of Missouri, sitting by designation, sentenced defendant to 288 months in prison based solely on the binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P.  See Second Amended Judgment In A Criminal Case (Doc. #714); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #699) filed March 20, 2012.  Because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2).[1]  United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013).

---

[1] Defendant's total offense level was 37 with a Criminal History Category VI, resulting in a guideline range of 360 months to life in prison. See Presentence Investigation Report (Doc. #705) filed July 16, 2012, ¶ 197.  Under Amendment 782, the amended guideline range would be 292 to 365 months in prison.  Even so, Amendment 782 does not provide relief because defendant's sentence of 288 months is below the low end of the amended range.  Unless a defendant's original sentencing range was lowered pursuant to a government motion to reflect substantial assistance to authorities, the Court may not impose a reduced sentence below the low end of the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A); see 18 U.S.C. § 3582(c)(2) (reduction must be consistent with applicable policy statements issued by Sentencing Commission); see also U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing).  For this additional reason, defendant is not entitled to relief.

Accordingly, the Court overrules defendant's motions to reduce sentence and to appoint counsel.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c) (Doc. #737), defendant's Motion For Appointment Of Counsel (Doc. #738) and defendant's Motion To Proceed In Forma Pauperis (Doc. #739), all filed September 11, 2015 be and hereby are **OVERRULED**.

Dated this 15th day of September, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] The Court overrules as moot defendant's Motion To Proceed In Forma Pauperis (Doc. #739).