**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                             )<br>                           Plaintiff,     )<br>v.                                                         )<br>                                                             )<br>BOYTINA LOCKE,                             )<br>                                                             )<br>                           Defendant.  )<br>_____) | CRIMINAL ACTION<br><br>No. 07-20167-07-KHV |

**MEMORANDUM AND ORDER**

On July 24, 2012, the Honorable Beth Phillips of the United States District Court for the Western District of Missouri, sitting by designation, sentenced defendant to 288 months in prison based solely on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P.  See Second Amended Judgment In A Criminal Case (Doc. #714); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #699) filed March 20, 2012.  On September 15, 2015, the Court overruled defendant's Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c) (Doc. #737).  This matter is before the Court on defendant's Motion To Proceed In Forma Pauperis (Doc. #742) and Motion For The Appointment Of Counsel (Doc. #743), both filed October 1, 2015.

Under Rule 24(a), Fed. R. App. P., defendant financially qualifies for *in forma pauperis* status. Under Rule 24(a)(1)(C), defendant's motion must also state the issues which he intends to present on appeal.  Rule 24(a) requires such a statement because the district court will deny *in forma pauperis* status if it determines that the appeal is not taken in good faith.  See Fed. R. App. P. 24(a)(3)(A). Good faith is an objective standard measured by whether the appeal is "frivolous" or lacks a "rational argument on the law or facts."  See Coppedge v. United States, 369 U.S. 438, 448 (1962). Defendant's motion and notice of appeal do not specify the issues that defendant intends to raise on appeal.  Based on the issues raised in his Motion For Reduction Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)

(Doc. #737), the Court finds that defendant's appeal is not made in good faith.  As explained in the Court's Memorandum And Order (Doc. #740), defendant is not entitled to relief under Amendment 782 because (1) his sentence was based solely on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. and (2) his sentence of 288 months is below the low end of the amended guideline range. The Court therefore overrules defendant's motion to proceed in forma pauperis.

Defendant also asks for appointment of counsel on appeal.  Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a motion to reduce sentence under Section 3582(c)(2).  In determining whether to appoint counsel, the Court generally considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.  See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Defendant has not shown that he cannot adequately present his claim, which appears to involve a straight-forward application of Section 3582(c)(2).  In addition, as explained above and in the Court's Memorandum And Order (Doc. #740), defendant's appeal appears to be clearly without merit.  The Court therefore declines to appoint counsel for defendant on appeal.

**IT IS THEREFORE ORDERED** that defendant's Motion To Proceed In Forma Pauperis (Doc. #742) and defendant's Motion For The Appointment Of Counsel (Doc. #743), both filed October 1, 2015, be and hereby are **OVERRULED**.

Dated this 30th day of October, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge